# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                              Case No. 06-mc-42-SM

Michael Spinelli

## REPORT AND RECOMMENDATION

This case involves a petition to enforce an Internal Revenue Service (IRS) Summons brought pursuant to the provisions of 26 U.S.C. §§ 7402(b) and 7604(a).

The summons was issued to taxpayer Michael Spinelli seeking to have him testify and produce all documents and records in his possession or control concerning assets and liabilities. The summons directed taxpayer to appear on April 24, 2006 at 9:00 a.m. Taxpayer did not appear and has not complied with the summons. The records sought are not in the possession of the IRS, all administrative steps have been taken, and the taxpayer's testimony and records are necessary to determine tax liability. (Exhibit A attached to Petition to Enforce).

The taxpayer personally appeared pro se in response to the Order to Show Cause and filed no responsive pleading of any type.

DISCUSSION

In order to enforce its summons the IRS must show: (1) that the summons was issued for a legitimate purpose; (2) that the information sought may be relevant to that purpose; (3) that the information is not already in the IRS' possession; and (4) that the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. LaSalle National Bank, 437 U.S. 298, 313-314 (1978). The IRS generally makes this showing a prima facie case on these four elements through the affidavit or declaration of the agent. United States v. Sancetta, M.D., P.C., 788 F.2d 67, 71 (2nd Cir. 1986); United States v. Garden State National Bank, 607 F.2d 61, 68 (3rd Cir. 1979); United States v. Will, 671 F.2d 963 (6th Cir. 1982).

The burden is then upon the taxpayer to show that the summons is invalid or enforcement would be an abuse of the Court's process. United States v. Powell, 379 U.S. at 58; United States v. LaSalle National Bank, 437 U.S. at 316. The respondent must prove specific facts to support a legally sufficient rebuttal or defense. See United States v. KIS, 658 F.2d 526,

536-539 (7th Cir. 1981), <u>cert. denied</u> <u>sub</u> <u>nom</u>., <u>Salkin v. United States</u>, 455 U.S. 1018 (1982).

The taxpayer has not disputed any of the government's <u>prima facie</u> case.  In fact, Michael Spinelli has stated that he will appear and produce records as ordered.

It is recommended that the taxpayer, Michael Spinelli, be ordered to obey the summons and that he be ordered to appear on December 11, 2006 at 8:30 a.m. at 410 Amherst Street, Suite 350, Nashua, New Hampshire, before Mary Beyers, to give testimony and produce all books and records in his possession or control required and called for by the terms of the summons of April 6, 2006.

It is further recommended that the government be awarded its costs.

Any objections to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law</u>

Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   October 12, 2006

cc:     T. David Plourde, Esq.
        Michael Spinelli